# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

| | | |
|---|---|---|
| LISA RYAN MURPHY, | ) | |
| ADC # 760343 | ) | |
|    Plaintiff, | ) | **Case No. 5:13-CV-00117 JLH-JTK** |
| | ) | |
| v. | ) | |
| | ) | |
| RAY HOBBS, Director, Arkansas | ) | |
| Department of Correction | ) | |
|    Defendant. | ) | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the

1

      Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Lisa Ryan Murphy. (Doc. No. 1). After reviewing the parties' briefing and the available evidence, the Court finds that Petitioner's claims should be DISMISSED.

## Background

Petitioner pleaded guilty to delivery of a controlled substance, methamphetamine, in a Hot Spring County (Arkansas) court on June 21, 2011. Despite being classified as a habitual offender, Petitioner only received ten years' probation for this Class Y felony conviction. She did not appeal.

On November 11, 2011, she pleaded guilty to violations of the conditions of her probation. Her probation was revoked, and she was sentenced to eleven years' imprisonment in the Arkansas Department of Correction (ADC). She did not appeal her revocation.

On March 9, 2012, Petitioner sought postconviction relief pursuant to Ark. R. Crim. P. 37.1. She raised the same eleven arguments that she currently raises, but her petition was denied on June 26, 2012. On January 17, 2013, the Arkansas Supreme Court dismissed her appeal for lack of jurisdiction because her Rule 37 petition was untimely.

On March 28, 2012, Petitioner filed a state habeas petition that raised the same eleven arguments. The petition was denied on April 18, 2012. On April 11, 2013, the Arkansas Supreme Court rejected the majority of Petitioner's claims because they were not cognizable in a state habeas proceeding. The court also noted that Petitioner's incompetency claim and double jeopardy claims were without merit. All of her claims were essentially denied, but the decision was reversed and remanded with instructions for the trial court to strike a condition requiring her to complete a drug rehabilitation program while in prison.

## Discussion

Petitioner raises the following eleven grounds for habeas relief: 1) her due process rights were violated by conflicts of interest that existed between herself and the circuit judge, the prosecuting attorney, and the public defenders; 2) her guilty plea was coerced; 3) she suffered from mental incompetency at the time of her plea; 4) she was denied the right to proceed pro se; 5) her right to be free from double jeopardy was violated; 6) her right to a speedy trial was violated; 7) prosecutorial misconduct; 8) illegal sentence; 9) ineffective assistance of counsel; 10) judicial misconduct; and 11) each of her claims constituted a violation of her due process rights.

As mentioned by Respondent, Petitioner's fifth and eighth claims are essentially restatements of the same argument, which is based on state law. Federal habeas relief requires

petitioners to show they are "in custody in violation of the *Constitution or laws or treaties of the United States.*" 28 U.S.C. § 2241(c)(3) (emphasis added). Petitioner has titled her argument as being brought under the Double Jeopardy Clause, but it concerns Arkansas's sentencing statutes.

She argues that the judge illegally sentenced her to eleven years' imprisonment after her revocation in November 2011 because he had already sentenced her to ten years' probation in June 2011. Petitioner appears to contend that there should be no punishment for violations of probation, and it is unclear what revocation would entail under her view. This argument is without merit, and the trial judge's actions were in accordance with Arkansas state law, as noted by the Arkansas Supreme Court. *Murphy v. State*, 2013 Ark. 155, at 4-6 (per curiam). There are no implications concerning double jeopardy or any other federal law with respect to Petitioner's revocation sentence. Federal Courts routinely impose sentences in similar situations. *See, e.g.*, *United States v. Griggs*, 431 F.3d 1110, 1111, 1115 (8th Cir. 2005) (reviewing sentence imposed after revocation of probation under "unreasonableness" standard).

The remainder of Petitioner's claims are procedurally defaulted. A habeas petitioner who cannot present their federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to them. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his

claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

Petitioner failed to raise any of her claims on direct appeal, and she did not file a timely Rule 37 petition. Although she did raise them in her state habeas petition, they were not properly brought in a habeas action. She has failed to demonstrate cause and prejudice to excuse the default of her claims, so they are barred from consideration. Even if cause was presumed, there was no prejudice because her claims are without merit.

The Court has thoroughly reviewed the record and finds that her claims are wholly without merit, not cognizable in a federal habeas action, or both.

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

All pending motions are DENIED as moot.

SO ORDERED this 31st day of March, 2014.

_____
United States Magistrate Judge